UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KEITH ROUNDS,

    Petitioner,

v.

Case No. 1:06-cv-128
Hon. Janet T. Neff

CAROL HOWES,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     Background**

On February 20, 2004, a jury convicted petitioner of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(a).  *People v. Donald Keith Rounds*, No. 249132 (Mich. App. Aug. 26, 2004).  He was sentenced to a term of 5 to 22 1/2 years.  Sent. Trans. at 15-16.

The Michigan Court of Appeals summarized that events giving rise to this offense as follows:

> Evidence was introduced at trial that defendant had learned massage techniques and rather freely shared his skills. The victim had hurt her leg while playing outside and asked the defendant to rub her knee that evening while the victim, the victim's sister and defendant's daughter were watching a movie. The victim testified that she dozed off, but woke up when she felt defendant's hand creeping up her leg, followed by digital penetration of her vagina.
>
> The defense theory of the case was that one of defendant's daughters had put her friends up to making allegations against defendant because she wanted to move in with her mother, defendant's ex-wife, and back to the town where defendant and his daughters from that marriage had been living until shortly before the incident.

> The defense introduced a substantial amount of evidence that defendant's daughter had made statements regarding her intentions to move back to her hometown, and that she did not care who she hurt in the process. To rebut the defense theory of fabrication, and to demonstrate a lack of mistake on defendant's part, the prosecution offered evidence that defendant had committed similar acts against his former sister-in-law when she was fifteen years old, and against another of his daughter's friends when that friend was spending the night.

*People v. Donald Keith Rounds*, No. 249132, slip op. at 1.

Petitioner presented the following four issues in his direct appeal to the Michigan Court of Appeals:

> I. Whether [petitioner's] conviction must be reversed due to the erroneous admission of improper other acts evidence, by the trial court that resulted in a miscarriage of justice and denied [petitioner] his right to a fair trial?
>
> II. Whether [petitioner] was denied his right to a fair trial by prosecutorial misconduct where she elicited partial and editorialized versions of [petitioner's] statements from Detectives Holzueter and Bolin?
>
> III. Whether [petitioner] was denied his right to a fair trial under the Michigan and Federal Constitutions, where the prosecutor interjected irrelevant and prejudicial evidence at trial, and in rebuttal testimony?
>
> IV. Whether [petitioner] was denied his right to a fair trial under the Michigan and Federal Constitutions by the intentional prosecutorial misconduct, where the prosecutor engaged in improper and highly prejudicial argument to the jury when she: vouched for the truthfulness of her witnesses; denigrated [petitioner], his defense and defense counsel; appealed to [jurors'] sense of sympathy for the victim as a basis to convict; and mischaracterized the evidence?

*See* Brief on Appeal (docket no. 17). The Michigan Court of Appeals affirmed the conviction. *People v. Donald Keith Rounds*, No. 249132. Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Donald Keith Rounds*, No. 127259 (Mich. May 31, 2005).

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has exhausted these four issues and now raises them in his petition seeking federal habeas relief.

## II. Procedural default

Respondent, however, contends that petitioner's claims of prosecutorial misconduct set forth in Issues II, III and IV are procedurally defaulted and not subject to federal habeas review. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be

procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

The record reflects that petitioner did not object to the alleged prosecutorial misconduct. For this reason, the Michigan Court of Appeals did not review the merits of the prosecutorial misconduct claims, but only performed a limited "plain error" review of the claims. *See People v. Donald Keith Rounds*, No. 249132, slip op. at 2-4 (in addressing the alleged prosecutorial misconduct, the appellate court stated that it "reviews defendant's unpreserved claim for plain error affecting defendant's substantial rights"). As reflected in the appellate opinion, there is no question that the procedural rule which requires preserving both constitutional and non-constitutional issues at the trial by contemporaneous objection was firmly established and regularly followed at the time of petitioner's appeal. *See People v. Carines*, 460 Mich. 750, 764; 597 N.W.2d 130 (1999); *People v. Grant*, 445 Mich. 535, 546-47; 520 N.W.2d 123 (1994). *See also, People v. Pollick*, 448 Mich. 376, 386-88; 531 N.W.2d 159 (1995), *quoting People v. Hardin*, 421 Mich. 296, 322-23; 365 N.W.2d 101 (1984) (court does not approve a procedure whereby counsel may "sit back and harbor error to be used as an appellate parachute in the event of jury failure").

Even though the state court provided limited review of the issues raised, petitioner's failure to object is still considered a procedural default. *Paprocki v. Foltz*, 869 F.2d 281, 284-285 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default). "[A] state court's plain error analysis does not save a petitioner from procedural default. Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits."

*Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (citations omitted). Accordingly, the prosecutorial misconduct alleged in claims II, III and IV are procedurally defaulted.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In his reply,[1] petitioner asserts ineffective assistance of counsel as cause, i.e., "ultimately his trial counsel was ineffective in not addressing the misconduct during trial, thus this does not automatically bar Petitioner on the good cause for not presenting it as procedural rules require." Petitioner's Reply at 4. Petitioner never asserted his trial counsel was ineffective before the state courts. The only misconduct suggested by petitioner are four sentences in the prosecutor's rebuttal argument, in which the prosecutor argued that the victim told the truth and that petitioner molested the other witnesses who testified against him. *Id.* Ineffective assistance of counsel may constitute cause for excusing a procedural default, *see id.*, but only when the performance of counsel was so deficient that it could not be considered the representation guaranteed by the Sixth Amendment, *see Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner's cursory statement of ineffective assistance of counsel is insufficient to demonstrate cause. He presents no persuasive argument that the prosecutor's action was improper, that defense counsel should have addressed the

---

[1] Petitioner styled his reply as a "Traverse to respondent's answer in opposition to petition for writ of habeas corpus" (docket no. 21).

prosecutor's action, or that defense counsel's performance was so deficient as to result in a federal constitutional violation. Moreover, "[t]he trial court instructed the jury that it was the sole trier of fact and credibility and further instructed the jury that the arguments, statements and questions of the attorneys were not evidence." *People v. Rounds*, No. 249132, slip op. at 3.

"Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006). Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. *See, e.g. Paffousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec. 19, 2000) ("in order to establish actual innocence a petitioner must show that it is more likely than not that no reasonable juror would have convicted him"). Evidence sufficient to establish actual innocence "normally consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Paffousen*, 2000 WL 1888659 at *3.

Petitioner offers no such new evidence that he is actually innocent of the crime for which he was convicted. Accordingly, petitioner has failed to meet the fundamental miscarriage of justice exception. Having failed to meet the exception under *Coleman*, his issues II, III and IV are procedurally barred and not subject to habeas review. The court will now address remaining Issue I.

### III. Standard of review under 28 U.S.C. § 2254

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle

from the Supreme Court but unreasonably applied the principle to the facts of the case before it."
*Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

> **IV.    Petitioner's habeas claim regarding the erroneous admission of improper acts evidence (issue I)**.

In his sole remaining habeas claim, petitioner contends that the prosecutor was allowed to present evidence of prior, unrelated bad acts contrary to MRE 404(b), which provides in pertinent part as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

MRE 404(b)(1).

At trial, the prosecutor outlined the factual basis for admission of this evidence as follows:

> The current case involves [E.D.], and she will testify, your Honor, that she was spending the night at defendant's residence, being a friend of the defendant's sister -- I'm sorry, daughter, and that while she was there, as they were sleeping on the couch that night, the defendant began to massage her leg, she had injured earlier in the day. And then while she was sleeping, she noticed that the defendant was suddenly -- his face was right next to her face, and he began kissing her, and his hand went down underneath her pants and clothing, down to her vaginal area.

> She told the defendant's daughter the next day, and, basically, never came back to the home again. That is the allegation that we have before the Court here today.
>
> We wish to use the testimony of [A.C.], who was 14 years old, about the same age as [E.D.]. She will testify that on a previous occasion, she was at the defendant's home, again a friend of the defendant's daughter, and that while she was sleeping on a couch there, the defendant began -- well, after she fell asleep, began kissing her, and he put his hand down underneath her pants to her vaginal area. And again, same scenario, same modus operandi, same age, similar circumstances.
>
> We also wish to introduce the testimony of [H.V.], who even prior to that, prior to that, way back in 1989, was the defendant's sister-in-law, I understand, but at that time she was only 15 years of age. She was spending the night at the home, at the defendant's residence, and that he began to massage her back, and then put his hand between her legs. She got away from him at that time, that was earlier in the day. Then when she went to bed that night, when she got into bed she actually wore her coat to bed, just because she was uncomfortable with what had happened earlier.
>
> Nevertheless, the defendant got into bed with [H.V.] as she was already asleep, removed her coat, fondled her breast, and inserted his finger into her vagina underneath her clothing. So again, similar situation, similar age, and again, another person in his household, under those circumstances.

Trial Trans. I at 3-5.

After hearing legal arguments from counsel, the court found that admission of the prior bad acts was appropriate, noting that "there are significant similarities here involving the ages of three different individuals, the modus operandi, or the method ostensibly utilized by the defendant in this massaging, if you will, and given the defense that the defendant is apparently preparing to utilize in this matter, it would seem totally appropriate under [*People v. VanderVliet*, 444 Mich. 52; 508 N.W.2d 114 (1993)] and under the Rule itself, to allow this evidence in." *Id.* at 11-12. The court recognized that the evidence was prejudicial, but found that its probative value was significant and should not be disregarded. *Id.* at 12-13. The court also stated its intent to give the jury a "strong" cautionary instruction with respect to this evidence. *Id.* at 13.

The two witnesses were allowed to testify regarding the prior bad acts. Trial Trans. II at 133-72. In addition, the trial court gave a cautionary instruction to the jury that this evidence must not be considered for any purpose other than "to prove [petitioner's] intent, scheme, plan, modus operandi, or unlikely coincidence." Trial Trans. IV at 529.

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Consequently, State court rulings on the admission of evidence are not subject to federal habeas review unless the error denied petitioner a fundamentally fair trial. *Clemmons v. Sowders*, 34 F.3d 352, 357-358 (6th Cir. 1994); *see Estelle*, 502 U.S. at 67-70. State court rulings cannot rise to the level of a due process violation unless they "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (internal quotations and brackets omitted).

Petitioner has not shown that the trial court's admission of MRE 404(b) evidence offended a fundamental federal principle of justice. The Michigan Court of Appeals found that the trial court properly admitted this "other acts" evidence "to rebut [petitioner's] claims that the charges against him were fabricated by either his daughter or his ex-wife." *People v. Donald Keith Rounds*, No. 127259, slip op. at 1-2. The court also noted that the trial court's use of MRE 404(b) evidence was consistent with, and analogous to, Michigan Supreme Court precedent, *People v. Starr*, 457 Mich. 490; 577 N.W.2d 673 (1998). However, even if the trial court had committed error in admitting the evidence, such an error does not implicate a federal constitutional right. "There is no clearly established Supreme Court precedent which holds that a state violates due process by

10

permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).   Accordingly, petitioner's claim should be denied.

### V.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  January 13, 2009                              /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).